UNITED STATES DISTRICT COURT
For the
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PT AURORA INDONESIA TRADING and JIN MAA TRADING LIMITED,<br><br>Plaintiffs,<br><br>-against-<br><br>USARM GROUP LLC,<br><br>Defendant. | Civil Action No.:<br><br>**VERIFIED COMPLAINT**<br><br>Jury Trial: No |

Plaintiffs PT Aurora Indonesia Trading ("Aurora") and Jin Maa Trading Limited ("Jin Maa") (collectively, "Plaintiffs"), by its attorneys, The Schutzer Group, PLLC, as and for its complaint against Defendant USARM Group LLC ("USARM" or "Defendant"), hereby alleges as follows:

### The Parties

1.     At all relevant times hereinafter mentioned, Plaintiff Aurora maintained a registered office at Graha Mandiri, Floor 17, Jl. Imam Bonjol No.61, Menteng, Central Jakarta 10310 Indonesia, and Plaintiff Jin Maa maintained a registered office at No. 5, 17/F, Strand 50, 50 Bonham Strand, Sheung Wan, Hong Kong.  Plaintiffs are related entities and share a unity of ownership and collectively do business as the Aurora Group.

2.     Upon information and belief, at all relevant times hereinafter mentioned, Defendant was and is a Virginia registered corporation duly organized under the laws of the State of Virginia with its offices located at 21184 Sundial Ct, Broadlands, VA, 20148.

### Basis For Jurisdiction

3.     The amount of Plaintiffs' damages are more than $75,000.00 and Plaintiff is a foreign company with offices located only in Indonesia and Hong Kong, and upon information

and belief, Defendant is a Virginia corporation with office located only in the State of Virginia,
therefore this Court posses diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332. In
addition, Defendant purports to be a New York corporation and required New York choice of
law and venue in its contract with Plaintiffs.

## NATURE OF ACTION

4.      This is an action for damages sustained by Plaintiffs as a result of Defendant's
breach of contracts with Plaintiffs (collectively, the "Contracts") for the purchase and supply of
goods (collectively, the "Goods").

## FACTS

5.      Plaintiff Aurora and Defendant entered into a supply and purchase agreement on May
14, 2020 in which Aurora agreed to supply Defendant with 10 million vinyl examination gloves (the
"Gloves") to be delivered over a 1 year term (the "Aurora-USARM Contract").

6.      Defendant subsequently requested that Plaintiff Aurora expedite the delivery of the
Gloves and on May 29, 2020 Plaintiff Aurora and Defendant entered in an agreement modifying the
terms of the Aurora-USARM Contract (the "Addendum").

7.      Pursuant to the Aurora-USARM Contract and the Addendum, on May 31, 2020,
Plaintiff dispatched the 2,677,000 units of the Gloves and advanced the payment for the urgent
airfreight.

8.      Pursuant to Clause C of the Addendum, Defendant was required to reimburse Plaintiff
Aurora for the air freight expenses that were advanced.

9.      Despite Plaintiff Aurora's due demand upon Defendant, Defendant failed and refused to reimburse Plaintiff Aurora for the advanced air freight expenses.

10.     On June 18, 2020, Defendant terminated the Aurora-USARM Contract and the Addendum (collectively, the "Glove Agreement") without cause.

11.     At all times herein, Plaintiff Aurora was in full compliance with the terms of the Glove Agreement.

12.     Plaintiff Aurora notice of Defendant's breach of the Glove Agreement and more than 45 days have passed since Defendant's receipt of said notice and Defendant failed to cure its default of the Glove Agreement.

13.     As a result of Defendants wrongful termination and breach of the Glove Agreement, Plaintiff Aurora has incurred damages in the sum of $308,162.68.

14.     Therefore pursuant to the terms of the Glove Agreement, Defendant is liable to Plaintiff Aurora in the sum of $308,162.68, together with interest thereon from June 18, 2020.

15.     Plaintiff Jin Maa and Defendant entered into a sales agreement on April 5, 2020 in which Jin Maa agreed to supply Defendant with 40 million surgical masks (the "Masks") for the sum of Twelve Million Four Hundred and Two Thousand United States Dollars (the "Mask Contract").

16.     Pursuant to paragraph 10 of the Mask Agreement, Defendant's failure to complete the purchase of the entire 40 million units of the Masks would constitute a breach of the Mask Agreement and Defendant would become liable to Plaintiff Jin Maa for remaining balance due of the contract amount of Twelve Million Four Hundred and Two Thousand United States Dollars plus interest in the amount of ten percent (10%).

17.     On or about April 11, 2020, Plaintiff Jin Maa delivered to Defendant Invoice No. 0411/UG/2020/JMT dated 11 April 2020 (the "Invoice") and the Invoice was signed and acknowledged by both Plaintiff Jin Maa and Defendant.

18.     Defendant breached the Mask Contract by failing to pay the Invoice and by failing to complete the purchase the forty million units of the Masks.

19.     As a result of Defendant's breach of the Mask Agreement, Plaintiff Jin Maa has incurred damages in the sum of $12,420,000.

20.     Therefore pursuant to the terms of the Mask Agreement, Defendant is liable to Plaintiff Jin Maa in the sum of $12,420,000, with interest thereon at a rate of 10% per annum from April 11, 2020.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

21.     Plaintiffs repeat and reallege each and every allegation contained in above paragraphs with the same force and effect as if set forth fully at length herein.

22.     Defendant and Plaintiffs entered into the Contracts.

23.     Defendant breached the Contracts.

24.     Plaintiffs fully performed all of its obligations under the Contracts and satisfied all conditions precedent required of Plaintiffs.

4

25.    As a result of Defendant's breach of the Contracts, Plaintiff Aurora has incurred damages in the sum of $308,162.68 and Plaintiff Jin Maa has incurred damages in the sum of $12,420,000.

26.    Therefore pursuant to the terms of the Contracts, Defendant is liable to failure to pay Plaintiff for the Services, Plaintiff has been damaged and Defendant is liable to Plaintiff Aurora in the sum of $308,162.68, together with interest thereon from June 18, 2020 and to Plaintiff Jin Maa in the sum of $12,420,000, with interest thereon at a rate of 10% per annum from April 11, 2020, together with the costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Account Stated)

27.    Plaintiffs repeat and reallege each and every allegation contained in above paragraphs with the same force and effect as if set forth fully at length herein.

28.    Plaintiffs duly issued and sent to Defendant the Invoices and payment demands, which set forth in detail all monies due under the Contracts.

29.    Defendant received the Invoices and payment demands without protest and neither objected to them nor indicated that they were erroneous in any respect whatsoever.

30.    Defendant thereby acknowledged that the debt owed to Plaintiffs, as set forth in the Invoices and payment demands, is true and correct.

31.    By reason of the foregoing, Defendant is liable to Plaintiff Aurora in the sum of $308,162.68, together with interest thereon from June 18, 2020 and to Plaintiff Jin Maa in the sum of $12,420,000, with interest thereon at a rate of 10% per annum from April 11, 2020, together with the costs and disbursements of this action.

**WHEREFORE**, the Plaintiffs demands judgment against the Defendant in favor of

Plaintiff Aurora in the sum of $308,162.68, together with interest thereon from June 18, 2020

and in favor of Plaintiff Jin Maa in the sum of $12,420,000, with interest thereon at a rate of 10%

per annum from April 11, 2020, together with the costs and disbursements of this action and such

other and further relief as this Court deems just and equitable.

Dated:     New York, New York
           August 26, 2020

THE SCHULZER GROUP PLLC

By:
Eric P. Schulzer, Esq.
330 Seventh Avenue, 15th Floor
New York, NY 10036
(212) 714-0700
Attorneys for the Plaintiffs

6

## VERIFICATION

Alexander Ivanov, declares under penalty of perjury under the laws of the United States of America that he is the President Director of Plaintiff PT Aurora Indonesia Trading and Director of Plaintiff Jin Maa Trading Limited and that he has read the Complaint and knows that contents thereof and the same are true to his knowledge based upon his review of Plaintiffs' books and records, except those matters therein which are stated to be alleged on information and belief, and so as to those matters he believes them to be true.

ALEXANDER IVANOV

Filipp Levin, declares under penalty of perjury under the laws of the United States of America that he is the Chairman of Plaintiff PT Aurora Indonesia Trading and Director of Plaintiff Jin Maa Trading Limited and that he has read the Complaint and knows that contents thereof and the same are true to his knowledge based upon his review of Plaintiffs' books and records, except those matters therein which are stated to be alleged on information and belief, and so as to those matters he believes them to be true.

FILIPP LEVIN

Adrianus Sh, declares under penalty of perjury under the laws of the United States of America that he is the Director of Plaintiff PT Aurora Indonesia Trading and that he has read the Complaint and knows that contents thereof and the same are true to his knowledge based upon his review of Plaintiffs' books and records, except those matters therein which are stated to be alleged on information and belief, and so as to those matters he believes them to be true.

ADRIANUS SH

7