**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PT AURORA INDONESIA TRADING and JIN MAA TRADING LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>USARM GROUP, LLC,<br><br>Defendant. | ECF Case<br><br>Civil Case No. 20 Civ. 07045 (ER)(JLC) |

**PLAINTIFFS' ANSWER TO USARM GROUP'S AMENDED COUNTERCLAIM**

Plaintiffs PT Aurora Indonesia Trading and Jin Maa Trading Limited (collectively, "Plaintiffs") for its Answer to the Amended Counterclaim (the "Counterclaim") of Defendant USARM Group, LLC ("Defendant"), hereby responds to each of the numbered paragraphs as follows:

1-31.  To the extent a response is required, Plaintiffs repeat and incorporate by reference the contents of paragraphs 1-31 of its Complaint against Defendant.

**RESPONSE TO DEFENDANT'S AFFIRMATIVE DEFENSES**

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. This paragraph is an alleged reservation of rights to which no response is required. To the extent any response is required, denied.

## RESPONSE TO DEFEDANT'S COUNTERCLAIM

42. Deny the allegations of paragraph 1 of the Counterclaim, except admit that Defendant and PT Aurora Indonesia Trading ("Aurora") entered into a contract and an amendment thereto for Aurora to supply Defendant with 10 million vinyl gloves and  respectfully refer the Court to said agreements for a complete and accurate statement of the terms of the agreement between Defendant and Aurora.

43. Deny the allegations of paragraph 2 of the Counterclaim.

44.  Deny information or knowledge sufficient to admit or deny the allegations of paragraph 3 of the Counterclaim.

45. Admit the allegations of paragraph 4 of the Counterclaim.

46. Admit the allegations of paragraph 5 of the Counterclaim.

47. Deny the allegations of paragraph 6 of the Counterclaim, except admit that Plaintiffs are related entities and share a unity of ownership and collectively do business as the Aurora Group.

48. Admit the allegations of paragraph 7 of the Counterclaim.

49. Admit the allegations of paragraph 8 of the Counterclaim.

50. Admit the allegations of paragraph 9 of the Counterclaim.

51. Deny information or knowledge sufficient to admit or deny the allegations of paragraph 10 of the Counterclaim.

52. Deny information or knowledge sufficient to admit or deny the allegations of paragraph 11 of the Counterclaim.

53. Admit the allegations of paragraph 12 of the Counterclaim to the extent that Defendant and Jin Maa Trading Limited ("Jin Maa") entered into a contract for Jin Maa to supply Defendant with masks and respectfully refer the Court to said contract for a complete and accurate statement of the terms of the agreement between Defendant and Jin Maa.

54. Deny the allegations of paragraph 13 of the Counterclaim, except admit that Defendant breached its agreement with Jin Maa.

55. Deny information or knowledge sufficient to admit or deny the allegations of paragraph 14 of the Counterclaim.

56. Deny information or knowledge sufficient to admit or deny the allegations of paragraph 15 of the Counterclaim.

57. Deny the allegations of paragraph 16 of the Counterclaim, except admit that Defendant and Aurora entered into a contract and an amendment thereto for Aurora to supply Defendant with 10 million vinyl gloves and respectfully refer the Court to said agreements for a complete and accurate statement of the terms of the agreement between Defendant and Aurora.

58. Deny the allegations of paragraph 17 of the Counterclaim.

59. Admit the allegations of paragraph 18 of the Counterclaim to the extent that Defendant and Aurora entered into a contract and an amendment thereto for Aurora to supply Defendant with 10 million vinyl gloves and respectfully refer the Court to said agreements for a complete and accurate statement of the terms of the agreement between Defendant and Aurora.

60. Admit the allegations of paragraph 19 of the Counterclaim to the extent that Defendant and Aurora entered into a contract and an amendment thereto for Aurora to supply

Defendant with 10 million vinyl gloves and  respectfully refer the Court to said agreements for a complete and accurate statement of the terms of the agreement between Defendant and Aurora.

61. Admit the allegations of paragraph 20 of the Counterclaim to the extent that Defendant and Aurora entered into a contract and an amendment thereto for Aurora to supply Defendant with 10 million vinyl gloves and  respectfully refer the Court to said agreements for a complete and accurate statement of the terms of the agreement between Defendant and Aurora.

62. Deny the allegations of paragraph 21 of the Counterclaim.

63. Deny the allegations of paragraph 22 of the Counterclaim.

64. Deny the allegations of paragraph 23 of the Counterclaim.

65. Deny the allegations of paragraph 24 of the Counterclaim.

66. Deny information or knowledge sufficient to admit or deny the allegations of paragraph 25 of the Counterclaim.

67. Deny the allegations of paragraph 26 of the Counterclaim.

68. Deny the allegations of paragraph 27 of the Counterclaim, except admit that Defendant and Aurora entered into a contract and an amendment thereto for Aurora to supply Defendant with 10 million vinyl gloves and  respectfully refer the Court to said agreements for a complete and accurate statement of the terms of the agreement between Defendant and Aurora.

69. Deny the allegations of paragraph 28 of the Counterclaim.

70. Deny the allegations of paragraph 29 of the Counterclaim.

71. Deny information or knowledge sufficient to admit or deny the allegations of paragraph 30 of the Counterclaim.

72. Deny the allegations of paragraph 31 of the Counterclaim.

73. Deny the allegations of paragraph 32 of the Counterclaim.

74. Deny the allegations of paragraph 33 of the Counterclaim, except admit that Plaintiffs have brought this lawsuit based upon Defendant's breach of the agreements with Plaintiffs.

75. Deny information or knowledge sufficient to admit or deny the allegations of paragraph 34 of the Counterclaim.

76. Deny the allegations of paragraph 35 of the Counterclaim.

77. Admit the allegations of paragraph 36 of the Counterclaim to the extent that Defendant and Aurora entered into a contract and an amendment thereto for Aurora to supply Defendant with 10 million vinyl gloves and respectfully refer the Court to said agreements for a complete and accurate statement of the terms of the agreement between Defendant and Aurora.

78. Deny the allegations of paragraph 37 of the Counterclaim.

79. Deny the allegations of paragraph 38 of the Counterclaim.

80. Deny the allegations of paragraph 39 of the Counterclaim.

81. Deny the allegations of paragraph 40 of the Counterclaim.

82. Deny the allegations of paragraph 41 of the Counterclaim.

83. Deny the allegations of paragraph 42 of the Counterclaim.

84. Deny the allegations of paragraph 43 of the Counterclaim.

## PLAINTIFF'S FIRST AFFIRMATIVE DEFENSE

85. Defendant's claim fails to state a claim upon which relief can be granted.

## PLAINTIFF'S SECOND AFFIRMATIVE DEFENSE

86. Defendant's claims are barred by the doctrine of assumption of risk.

## PLAINTIFF'S THIRD AFFIRMATIVE DEFENSE

87. Defendant's claims are barred by the doctrines of laches, waiver, release, estoppel, ratification and/or unclean hands.

### PLAINTIFF'S FOURTH AFFIRMATIVE DEFENSE

88. Defendant's claims are barred by the doctrines of failure of consideration and contributory negligence.

### PLAINTIFF'S FIFTH AFFIRMATIVE DEFENSE

89. Defendant's claims are barred by Defendant's own breach of its agreements with Plaintiffs.

### PLAINTIFF'S SIXTH AFFIRMATIVE DEFENSE

90. Defendant's claims are barred by Defendant's own breach of its agreements with Plaintiffs.

### PLAINTIFF'S SEVENTH AFFIRMATIVE DEFENSE

91. Defendant's claims are barred by the express terms of the agreements between Plaintiffs and Defendants.

### PLAINTIFF'S EIGHTH AFFIRMATIVE DEFENSE

92. To the extent applicable, Defendant's claims are barred based on principles of release, accord and satisfaction

### PLAINTIFF'S NINETH AFFIRMATIVE DEFENSE

93. Defendant's claims are barred by its failure to comply with conditions precedent.

### PLAINTIFF'S TENTH AFFIRMATIVE DEFENSE

94. Defendant's claims fail based upon documentary evidence.

### PLAINTIFF'S ELEVENTH AFFIRMATIVE DEFENSE

95.  To the extent Defendant has sustained damages, which is expressly denied, Defendant has failed to mitigate those damages.

### PLAINTIFF'S TWELFTH AFFIRMATIVE DEFENSE

96. If the Defendant sustained any damages as alleged in the Counterclaim, all of which is expressly denied, then such damages were caused, either in whole or in part, by the Defendant's own culpable conduct, fault and/or contributory or comparative negligence, and any recovery herein shall be diminished accordingly in whole or in part..

### PLAINTIFF'S THIRTEENTH AFFIRMATIVE DEFENSE

97. Defendant's claims are barred, in whole or in part, by Defendant's actions, including but not limited to Defendant's actions after receipt of the goods, including Defendant's retention of the goods.

### PLAINTIFF'S FOURTEENTH AFFIRMATIVE DEFENSE

98. Defendant's claims are barred by application of the Uniform Commercial Code.

### PLAINTIFF'S FIFTHTEENTH AFFIRMATIVE DEFENSE

99. Defendant' have not sustained any damage as alleged in the counterclaim.

### PLAINTIFF'S SIXTEENTH AFFIRMATIVE DEFENSE

100. Defendant's counterclaim was interposed by Defendant as retaliation and for the sole purpose of delaying and prolonging the resolution of this lawsuit and/or harassing and maliciously injuring the Plaintiffs for which sanctions shall be sought.

### PLAINTIFF'S SEVENTEENTH AFFIRMATIVE DEFENSE

101.    Defendant's counterclaim is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law.

**PLAINTIFF'S EIGTHTEENTH AFFIRMATIVE DEFENSE**

101.   Plaintiffs have valid causes of action against Defendant for breach of contract and account stated.

**PLAINTIFF'S NINETEENTH AFFIRMATIVE DEFENSE**

102.   Plaintiff reserves its right to assert any additional defenses that become available or apparent during discovery.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in their favor and against Defendant and that this Court:

(1) dismiss Defendant's Counterclaim with prejudice,

(2) grant Plaintiffs the relief requested in the Complaint,

(3) award Plaintiffs any further and additional relief as this Court deems just and proper.

Dated: New York, New York
December 22, 2020

THE SCHUTZER GROUP, PLLC

By: *s/ Eric P. Schutzer*
Eric P. Schutzer, Esq.
330 Seventh Avenue, 15th Floor
New York, NY 10001
Tel. (212) 714-0700
Fax (212) 714-0703
ericschutzer@theschutzergroup.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel via the Court's ECF system.

THE SCHUTZER GROUP, PLLC

By: *s/ Eric P. Schutzer*_____
　　　Eric P. Schutzer, Esq.
330 Seventh Avenue, 15th Floor
New York, NY 10001
Tel. (212) 714-0700