**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PT AURORA INDONESIA TRADING and JIN MAA TRADING LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>USARM GROUP, LLC,<br><br>Defendant. | ECF Case<br><br>Civil Case No. 20 Civ. 07045 (ER)(JLC) |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT**

**PLEASE TAKE NOTICE** that, under Rules 26(b) and 33 of the Federal Rules of Civil Procedure, Plaintiffs PT Aurora Indonesia Trading and Jin Maa Trading Limited (collectively, "Plaintiffs") through their attorneys, The Schutzer Group, PLLC, hereby demand that Defendant USARM Group, LLC ("Defendant") provide to the aforesaid attorneys the following documents and information:

DEFINITIONS

A.     "Plaintiffs," means individually and/or collectively PT Aurora Indonesia Trading ("Aurora") and Jin Maa Trading Limited ("Jin Maa"), including any present or former agents, officers, directors, representatives, or employees.

B.     "Defendant" means USARM Group, LLC ("USARM"), including any present or former agents, officers, directors, members, representatives, or employees.

C.     "Defendant" "you" and "yours" refers collectively to USARM, including any present or former agents, officers, directors, members, representatives, or employees.

D.      "Communication" means every manner of transmitting and receiving facts, information, opinions and thoughts, whether orally, by document, writing, or copy thereof, or otherwise.

E.      "Verified Complaint" means the Verified Complaint in this action.

F.      "Affirmative Defenses" shall mean the Affirmative Defenses made by Defendant in Defendant's Amended Verified Answer in this action (ECF # 16),

G.      "Counterclaim" shall mean the Counterclaim asserted by Defendant in Defendant's Amended Verified Answer in this action (ECF # 16).

H.      "Document" is to be interpreted in the broadest and most inclusive sense and shall mean and include, but not be limited to, the following items, whether written, printed, typed, recorded, however produced or reproduced, whether by hand or by mechanical, electronic or other means, whether filed or stored in any computer system or data storage or retrieval system, whether sent or received or neither, and including all originals, masters, drafts and any additional copies bearing notations or marks, namely: all memoranda, reports, financial reports, notes, transcripts, letters, envelopes, telegrams, cables, telex messages, correspondence or memoranda of correspondence, including intracompany and intra party correspondence or telegrams, reports, summaries, minutes, transcripts or records of telephone conversations or interviews, tabulations, studies, analyses, evaluations, projections, work papers, statements, accountants' work papers, summaries, opinions, statistical records, journals, desk calendars, appointment books, dairies, financial records, lists, comparisons, questionnaires, surveys, charts, graphs, bulletins, notices, instructions, manuals, guarantees or warranties, agreements, reports or summaries of investigations, opinions or reports of experts or consultants, public announcements, press releases, contracts, agreements, banking records, business records, sales records, royalty

statements, manufacturing reports, powers of attorney or letters of consent, books of account, statements, bills, checks, or any other information containing paper, writing or physical thing.

I. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

J. "Person" shall refer to a natural person, partnership, corporation, incorporated association, joint venture, or any governmental or other legal entity.

K. "Identify", "identification", or "identity" shall mean to provide the following information:

    (1) When used with reference to a natural person, state his or her full name and present or last-known business and residential address, his or her last-known or present business affiliation, and his or her position and business affiliation at the time of the transaction, occurrence, event, happening, or matter in question;

    (2) When used with reference to any entity other than a natural person (e.g., corporation, partnership, joint venture, or association) state:

        (a) its full name;

        (b) the address of its principal place of business; and

        (c) its organization form and its purposes, primary business, or activities;

    (3) When used with reference to an oral or written communication:

        (a) state the place at which the date on which such oral or written communication occurred;

        (b) identify each person making such oral or written communication, the person to whom it was made, and each other person who was present (in person or by telephone) when it was made;

(c) state the subject and the substance of such oral or written communication; and

(d) identify any document that relates or refers to each such communication or that was prepared or made during the course thereof or a consequence thereof.

L. Each reference to any party or corporate entity shall mean and include that party or corporate entity and all directors, officers, employees, attorneys, agents, representatives, and all persons acting or purporting to act on its behalf.

M. The connective "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this document request all responses that might otherwise be construed to be outside of its scope.

N. The use of the singular form of any word includes the plural and vice versa.

O. All words and phrases shall be construed in accordance with normal custom and usage in the industries or field of commerce to which they apply.

## INSTRUCTIONS

1. You must answer these interrogatories to the extent all of the information is or may be available to you, or to any person (including, but not limited to, employee, agent, expert, accountant, or attorney) who is acting or has acted on your behalf.

2. These interrogatories are continuing in nature. Responses that you later learn are inaccurate or incomplete are to be reasonably and promptly supplemented (without further request by Defendants' attorneys), by means of supplemental answers, with all additional responsive information and/or corrections to previously-provided information that may become known to you or your attorneys prior to the trial of this action.

3. You must answer each interrogatory separately and fully, in writing and under oath, unless it is objected to. Each answer shall first set forth verbatim the interrogatory to which it is responsive. If you object, the objection shall be stated with specificity, and you shall answer to the extent the interrogatory is not objectionable.

4. If any form of privilege is claimed with respect to any request herein, set forth each and every fact upon which the privilege is based, including sufficient facts for the court to make a full determination of the validity of the privilege. At a minimum, you must set forth the following:

    a. The reason for withholding the oral communication, document, or tangible thing;

    b. If the item being withheld is a document or tangible thing, a brief description of the item, including, as applicable:

        i. the date of the document;

        ii. the number of pages, attachments and appendices;

        iii. the names of its author(s), or preparer(s) and an identification by employment and title of each such person;

        iv. the name of each person who was sent, shown or blind or carbon copied the document, or has had access to or custody of the document, together with an identification of each such person;

        v. the present custodian;

        vi. the subject matter of the document, and in the case of any documents concerning a meeting or conversation, identification of such meeting or conversation.

    c. If the item being withheld is information about an oral communication,

      a brief description of the communication, including:

          i. the date of the oral communication;

          ii. the name, address, title, and occupation of each of the participants in any such oral conversation;

          iii. A description of each such oral conversation which is sufficient to identify the particular conversation without revealing the information for which the privilege is claimed; and

      d. Each and every fact or basis on which you claim any such privilege or other ground of non-disclosure.

5. If, after reasonable and thorough investigation, using due diligence, you are unable to answer any interrogatory, or any part thereof, on the grounds of lack of information available to you, specify in full and complete detail why the information is not available to you and what has been done to locate such information. In addition, specify what knowledge or belief you have concerning the unanswered portion of any interrogatory and set forth the facts upon which such knowledge or belief is based.

6. Where an interrogatory does not specifically request a particular fact, but where such fact or facts are necessary to make the answer to said interrogatory either comprehensible, complete or not misleading, you must include such fact or facts as part of said answer and said interrogatory shall be deemed specifically to request such fact or facts.

7. When statements of factual information are requested, such requested information includes the production of all formal and informal documentation which explains, clarifies, describes or in any way relates to the requested statement of factual information.

8. With regard to any document that is supplied in an answer to any interrogatory, indicate the interrogatory or interrogatories to which said document is responsive.

9. With respect to any responsive document or partial document that at one time was, but is no longer, in your possession, custody or control, state:

    a. The type of document;
    b. The subject matter and contents of the document;
    c. The author of the document;
    d. Each person to whom the original or a copy of the document was sent;
    e. The date on which the document was prepared or transmitted;
    f. The date on which the document was lost or destroyed and, if destroyed, the condition of and reasons for such destruction and the persons requesting and performing the destruction.

10. Whenever necessary to ensure completeness or accuracy, to make the request inclusive rather than exclusive, and/or to bring within the scope of the specification responses that might otherwise be construed to be outside the scope:

    a. The singular shall include the plural and vice versa;
    b. The masculine shall include the feminine and vice versa;
    c. The use of a verb in any tense shall be construed as the use of the verb in all other tenses;
    d. "Each" shall include "every" and vice versa;
    e. "And" shall include "or" and vice versa;
    f. "Any" shall include "each" and vice versa; and
    g. "Any" shall include "all" and vice versa.

11. Along with the answer to each numbered interrogatory, identify each person who participated in or supplied information with respect to the preparation of the response to such interrogatory, specifying whether each such person supplied relevant information, participated in the preparation of the response, or both. If the response to any interrogatory contains information supplied by more than one person, specify the particular information supplied by each person. In addition, specify whether the information supplied by each such person is based on first-

hand knowledge as to the matters contained in such answers and, if not, the manner in which he or she acquired such information.

### INTERROGATORIES

1. Concerning communications with the Plaintiffs during all times relevant to the allegations set forth in the Answer and/or the Counterclaim, identify:

    a) each date and time of all communications;

    b) the individual(s) who made such communications on your behalf; and

    c) the individual(s) with whom you communicated.

2. Identify and describe the substance and purpose of all communications identified in your response to the preceding interrogatory.

3. Concerning your performance under any agreements and/or addendums between you and Plaintiffs, identify:

    a) all acts by you allegedly constituting performance;

    b) the date on which you rendered such performance; and

    c) the nature and extent of such performance.

4. With respect to each and every measure of damages sought in the Counterclaim, identify:

    a) the total amount of each category of damages you claim resulting from the alleged acts or omissions of Plaintiffs in this case;

    b) the alleged acts, actions or omissions of Plaintiffs or its agents that gave rise to such damages;

    c) how you calculated this figure, including, but not limited to, any per diem figure used; and

    d) all documents or oral communications, and all persons having knowledge of and/or

who might testify, concerning your claim for damages and the calculation of the same. As to each such person so identified, describe fully his or her knowledges.

5. Identify each and every financial expense or loss you allegedly incurred as a result of any alleged acts or omissions of Plaintiffs, including:

a) the nature, character, or type of financial expense or loss;

b) the date or period over which the financial expense or loss was or is expected to be incurred;

c) the amount of the financial expense or loss; and

d) how the financial expense or loss was calculated.

6. Identify in specific detail the mathematical basis for the total amount of damages being claimed by you, stating how you arrived at this figure and:

a) whether you used a mathematical per diem or per week or per month figure in calculating any component of damages and, if so, the figure used and for what period;

b) the length of time for which damages are claimed; and

c) the amount of damages claimed.

7. With respect to each and every measure of damages sought, identify and itemize each and every cost that has been, or with reasonable certainty will be, replaced or indemnified, in whole or in part, from any collateral source. Identify each such collateral source replacing or indemnifying any economic loss and identify all documents evincing the replacement or indemnification of any economic loss.

8. Identify each and every person with whom you have communicated, or

attempted to communicate, concerning the allegations in or facts underlying the Complaint and/or the Counterclaim.

9. Identify all persons from whom you or anyone acting on your behalf has obtained any oral or written statement, account, report, affidavit, declaration, memorandum or testimony concerning the allegations in or facts underlying the Counterclaim, any defenses to the Complaint, or any other aspect of this litigation. If any such statement is written, produce a copy or, if not within your possession or control, identify the person in possession, custody or control of the statement.

10. Identify each and every person that you intend to or may call as a witness at the time of trial in this action.

11. Describe the basis for Defendants' denial of any allegations in the Complaint which Defendant has denied.

12. Identify all Documents supporting Defendant's denial of the allegations in the Complaint.

13. Identify all Documents supporting the affirmative defenses asserted by Defendant in the Answer.

14. Identify all Documents supporting the allegations asserted by Defendant in the Counterclaim.

15. Identify all Persons having knowledge or information relevant to the subject matter of the Action.

16. Identify all Persons possessing Documents relevant to the subject matter of the Action.

17. Identify all Documents in your possession or under your custody or control, or that of your affiliates or agents, relevant to the subject matter of the Action.

18. Identify all Documents of which you are aware in the possession or under the custody or control of others relevant to the subject matter of the Action.

19. Identify the factual basis for your assertions in Defendant's Second Affirmative Defense that Plaintiffs forced Defendant to sign an Addendum.

20. Identify the factual basis for your assertions in paragraph 13 of the Counterclaim that the contract between Defendant and Jin Maa was never consummated.

21. Identify the factual basis for your assertions in paragraph 37 of the Counterclaim that USARM fully performed its obligations under the Aurora Agreement.

22. Identify the factual basis for your assertions in the Counterclaim that Aurora breached its agreement with USARM.

23. Identify all Persons who assisted you in preparing your responses to these Interrogatories.

24. Identify any Documents you reviewed in connection with your preparation of responses to these Interrogatories.

Dated: December 22, 2020

                                                  THE SCHUTZER GROUP, PLLC

                                                  By: *s/ Eric P. Schutzer*
                                                      Eric P. Schutzer, Esq.
                                                330 Seventh Avenue, 15th Floor
                                                New York, NY 10001
                                                Tel:. (212) 714-0700
                                                Fax: (212) 714-0703
                                                ericschutzer@theschutzergroup.com

                                                *Attorneys for Plaintiffs*

To:    Alexander Mirken, Esq.
OFFIT KURMAN, P.A.
590 Madison Avenue, 6th Floor
New York, NY 10022
Tel: (212) 545-1900
Fax: (212) 545-1656
amirkin@offitkurman.com

*Attorneys for Defendant USARM Group, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel via the Court's ECF system.

                    THE SCHUTZER GROUP, PLLC

                    By: *s/ Eric P. Schutzer*_____
                         Eric P. Schutzer, Esq.
                    330 Seventh Avenue, 15th Floor
                    New York, NY 10001
                    Tel. (212) 714-0700